IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

VENCE ALLEN LYNCH            §

v.                          §        CIVIL ACTION NO. 6:09cv14

DIRECTOR, TDCJ-CID           §


MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Vence Allen Lynch, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his confinement. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Lynch says that on October 20, 1997, he received a ten-year sentence for aggravated assault. He was released on parole on February 3, 1998, and his parole was revoked on August 8, 2006. Lynch filed a state habeas petition challenging his confinement on June 6, 2008, and this was denied on July 16, 2008.

Lynch's petition does not concern the legality of his conviction, but rather the computation of his time credits. He says that he was on parole for eight years, but that these time credits are not being applied to his sentence, which would entitle him to release.

The Magistrate Judge initially issued a Report recommending that the petition be dismissed because Lynch was convicted of second-degree aggravated assault and thus was not eligible to receive credit for the time spent on parole which was later revoked. Lynch filed objections saying that his conviction had been reduced to a third-degree felony and so he was entitled

1

to the street time credits. The Magistrate Judge withdrew the Report and ordered the Respondent to answer the petition.

The Respondent's answer contended that Lynch's petition was barred by the statute of limitations. The Respondent said that at the latest, Lynch's claims would accrue at the time that Lynch said that his sentence should have discharged had he received the time credits, which was August 18, 2007. After excluding the 40 days during which Lynch's state habeas petition was pending, the Respondent said that Lynch's limitations period would still have expired on September 27, 2008, several months before Lynch signed his federal habeas petition.

Lynch filed a response to the Respondent's answer, which discussed a number of issues, including federal jurisdiction, the exhaustion requirement, the Respondent's statement that Lynch had been convicted of a second-degree felony, and an assertion that he is entitled to a remedy because the Respondent continues to inflict wrongful imprisonment without due process. However, Lynch made no mention of the statute of limitations in his response to the answer.

On July 23, 2009, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge stated that Lynch was aware of the facts forming the basis of his claim no later than November 7, 2006, when he contacted Staff Counsel for Inmates and the unit parole officer concerning his time credits. The Magistrate Judge stated that the limitations period should be tolled for six months because under Texas law, inmates may not seek state habeas relief concerning a time credit dispute until he has received a written decision from the highest authority provided for in the resolution system, or 180 days after he alleges a time credit error. The Magistrate Judge thus determined that the limitations period should be tolled for 180 days, representing the period of time in which Lynch could not seek state habeas corpus relief. This advanced the commencement of the limitations period to May 7, 2007, and its termination to May 7, 2008.

Thus, the Magistrate Judge said that Lynch's state habeas corpus petition was filed on June 6, 2008, which was after the limitations period had expired. The Magistrate Judge cited

Fifth Circuit case law holding that a state habeas petition filed after the limitations period had expired did not revive any portion of this period nor serve to toll any portion of the fully expired statute. Thus, the Magistrate Judge said that the statute of limitations had expired on Lynch's petition.

Even using the Respondent's date of August 18, 2007, as the commencement point for the limitations period, the Magistrate Judge said that this period had nonetheless expired. Because August 18, 2007, is a Saturday, the Magistrate Judge began the computation on Monday, August 20, expiring one year later, on August 20, 2008. When 40 days is added to this period for the length of time that Lynch's state habeas petition was pending, the expiration date for the limitations period becomes September 29, 2008, which is still over three months before Lynch signed his federal petition.

The Magistrate Judge then reviewed the doctrine of equitable tolling, determining that Lynch had failed to show any basis for the application of this doctrine. Finally, the Magistrate Judge recommended that Lynch be denied a certificate of appealability *sua sponte* and that his petition be dismissed with prejudice.

Lynch filed objections to the Magistrate Judge's Report on August 3, 2009. In his objections, Lynch says that the entire conduct of the litigation is skewed by the removal of the merits of his due process claim, and that his right to be heard assures a full hearing before the district court. He notes the Magistrate Judge's recognition of his assertion that he was convicted of a third-degree felony and so is entitled to the restoration of his street time credits and again says that the Court has jurisdiction over his claims.

Lynch says that the right to a hearing includes the right to have judicial findings based on the Legislature's lawmaking power of the people, as set out in Article III of the Texas Constitution. He states that the Legislature is constitutionally entitled to expect that the judiciary will faithfully follow the specific text that was adopted, apparently referring to the statute governing the restoration of street time credits. Finally, Lynch requests a "habeas hearing" to determine

whether the district court erred in failing to grant relief under the U.S. and Texas Constitutions, noting that persons should not be deprived of life, liberty, or property without due process of law. Lynch's objections make no mention of the statute of limitations, which was the basis of the Magistrate Judge's Report.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the answer filed by the Respondent, the Petitioner's response to the answer, Report of the Magistrate Judge, the Petitioner's objections thereto, the state court records, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Vence Allen Lynch is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**SIGNED this 4th day of September, 2009.**


_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

4